This is a pro se appeal from a district court summary judgment in a forfeiture action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.[1]
Having considered appellant's informal brief and the record on appeal, we conclude that summary judgment was proper, as respondent LVMPD cured the evidentiary defects identified by this court in Monroe v . Las Vegas Metropolitan Police Department, Docket No. 62264 (Order Affirming in Part, Reversing in Part and Remanding, March 18, 2016). In particular, LVMPD introduced financial records showing that the money paid to the bail bond companies and the attorneys came from Tonya Trevarthen's bank account, which is the same account that this court concluded in Docket No. 62264 contained proceeds attributable to the commission of a felony. See id . at 3.
With LVMPD having produced this evidence, the burden shifted to appellant to produce evidence sufficient to raise a reasonable inference that the money paid to the bail bond companies and the attorneys was not derived directly or indirectly from the commission of a felony. See Fergason v. Las Vegas Metropolitan Police Department, 131 Nev., Adv. Op. 94, 364 P.3d 592, 595, 600 (2015) (citing NRS 179.1164(1)(a) and NRS 179.1161 ). Because appellant failed to produce such evidence, the district court properly granted summary judgment for LVMPD.[2] Id. at 595. Accordingly, we
ORDER the judgment of the district court AFFIRMED.

We conclude that a response to the informal brief is not necessary. NRAP 46A(c). Pursuant to NRAP 34(f)(3), this appeal has been submitted for decision based on the pro se brief and the record.

To the extent that appellant's arguments regarding an illegal arrest, search, and seizure were not raised and rejected in his criminal appeal, see Docket No. 52788 (Order Affirming in Part, Reversing in Part and Remanding, July 30, 2010), or in his post-conviction habeas petition, see Docket No. 72944 (Order of Affirmance, February 13, 2018), we are not persuaded that those arguments create a genuine issue of material fact in this proceeding.